IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:19-cr-00275

HARRY LEE NGUYEN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is scheduled for sentencing on July 23, 2020. The United States filed an objection to the Guideline calculations contained in the Presentence Investigation Report (PSR) submitted by Probation, and both parties filed sentencing memoranda and supplemental briefing related to the objection. The Court has reviewed the PSR and addendum, the *Sentencing Memorandum of the United States* (Document 47), the *Defendant's Sentencing Memorandum* (Document 48), the *United States Supplemental Sentencing Memorandum* (Document 52), and the *Defendant's Supplemental Sentencing Memorandum* (Document 53).

The Defendant pled guilty to a charge of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He has a prior conviction for wanton endangerment, in violation of W.Va. Code § 61-7-12, and a prior conviction for unlawful wounding, in violation of W.Va. Code § 61-2-9. Under the United States Sentencing Guidelines, the base offense level for unlawful possession of a firearm is dependent on certain factors, including whether the defendant has prior convictions for controlled substance or violent crime offenses. The Probation Office

calculated a base offense level of 20, pursuant to Section 2K2.1(a)(4)(A), for committing the offense of being a felon in possession of a firearm after sustaining one felony conviction for a crime of violence, relying on the unlawful wounding conviction.

The United States contends that the base offense level should be 24, under Section 2K2.1(a)(2), for committing the offense after sustaining two felony convictions for crimes of violence. It argues that wanton endangerment qualifies as a crime of violence. The Defendant argues that wanton endangerment under West Virginia law is not categorically a crime of violence, as that term is defined in the Guidelines, because the elements of the offense do not require the use or threatened use of violent force.

West Virginia Code § 61-7-12 provides that "[a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another shall be guilty of a felony." For federal sentencing purposes, a "crime of violence," as relevant to this case, is an offense that is punishable by imprisonment for a term exceeding one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). Courts apply the "categorical approach" by examining the elements of the offense, without regard for the particular facts of the defendant's case and determining whether those elements "necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir.), *cert. denied*, 140 S. Ct. 304 (2019) (*en banc*).

In 2016, the Honorable John T. Copenhaver, District Judge for the Southern District of West Virginia, addressed precisely the issue presented here: whether West Virginia's wanton endangerment statute constitutes a crime of violence for federal sentencing purposes. *United*

*States v. Sumpter*, No. CR 2:15-00067, 2016 WL 398223 (S.D.W. Va. Jan. 6, 2016) (Copenhaver, J.). He concluded that West Virginia's wanton endangerment statute is not a crime of violence, reasoning that "the 'act' requirement of W. Va. Code § 61-7-12 can be satisfied by a broad range of conduct involving a firearm, including brandishing a weapon or pointing an unloaded firearm at another person under circumstances that do not involve use or threatened use of physical force against the person of another." *Id.* at *3. As examples, Judge Copenhaver noted that "pointing an unloaded firearm or allowing a child unsupervised access to a firearm would both constitute an 'act' involving a firearm for purposes of the wanton endangerment statute, but would not necessarily require 'violent force ... capable of causing physical harm to a person.'" *Id.*

The language of West Virginia's wanton endangerment statute bears some similarity to the language of the "residual clause" of prior definitions of crimes of violence under federal law. The Armed Career Criminal Act defined a crime of violence to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that clause unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015). The Supreme Court clarified that criminal statutes with similar phrases, like "substantial risk," generally do not raise vagueness concerns where they "require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Id.* at 2561 (emphasis in original). Here, however, the United States' position would require the Court to make the type of analysis *Johnson* and its progeny found impermissible. No element of West Virginia's wanton endangerment statute expressly requires use of physical force. The United States asks the Court to speculate as to whether "any act with a firearm which creates a substantial risk of death or serious bodily injury" necessarily involves physical force based on

3

various potential means of committing wanton endangerment. W. Va. Code § 61-7-12. Under the categorical approach, the Court cannot apply the real-world facts to gauge the riskiness of the conduct. Therefore, the Court finds that West Virginia's wanton endangerment is not a crime of violence for purposes of the Guidelines.

Wherefore, after thorough review and careful consideration, and for the reasons set forth herein, the Court **ORDERS** that the United States' objection to the Guidelines calculation contained in the PSR be **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 7, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA